**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY BELL, | No. 08-17125 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00886-FCD-KJM |
| v. | |
| J. MEJIA, | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr. District Judge, Presiding

Submitted December 15, 2009**

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

California state prisoner Danny Bell appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging correctional officer

Mejia violated his right to access courts and retaliated against him.  We have

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir. 2004), and for abuse of discretion and proper application of legal principles an order denying a temporary restraining order, *see Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment for Mejia on Bell's access to courts claims because Bell failed to raise a triable issue as to whether he suffered any actual injury to his ability to litigate a habeas corpus or section 1983 action as a result of interference with his prison mail. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996) (explaining that prisoners asserting access to courts claims must show actual injury to their ability to challenge their sentences or conditions of confinement); *see also Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1159 (9th Cir. 2003) (holding personal injury action not protected under *Lewis*).

The district court did not abuse its discretion by denying Bell's motion for a temporary restraining order against alleged wrongdoers who are not named as defendants in this action. *See Earth Island Inst.*, 351 F.3d at 1298.

Bell's remaining contentions are unpersuasive, and his motion for the appointment of counsel is denied.

**AFFIRMED.**